FILED
United States Court of Appeals
Tenth Circuit

December 9, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

| | |
|---|---|
| DUSUN L. WASHINGTON, | |
| Petitioner - Appellant, | No. 08-5077 |
| v. | (N.D. Oklahoma) |
| MIKE MULLIN, Warden, | (D.C. No. 4:04-cv-00348-TCK-PJC) |
| Respondent - Appellee. | |

ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

An Oklahoma state-court jury convicted Dusun Lamont Washington of robbery by force, and he was sentenced to 30 years' imprisonment. On direct appeal to the Oklahoma Court of Criminal Appeals (OCCA) Mr. Washington raised three claims: (1) that he was denied constitutional due process because the in-court identification by an eyewitness was tainted by an impermissibly suggestive photographic lineup; (2) that he was denied constitutional due process because the evidence at trial was insufficient to convict him of robbery; and (3) that the prosecution engaged in misconduct when it raised societal alarm against him by portraying him as a "predatory animal" and trying to invoke sympathy for the victim.

After the OCCA affirmed his conviction, Mr. Washington filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma, raising the same three grounds for relief. The district court denied his application and his subsequent motion for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1) (COA is necessary to appeal denial of relief in § 2254 proceeding). Mr. Washington then filed an application for a COA in this court. Because a reasonable jurist could not debate the correctness of the district court's decision, we deny a COA and dismiss this appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the

state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (citations and internal quotation marks). Because all of Mr. Washington's claims were adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

We have reviewed the district court's thorough opinion. No jurist of reason could debate that court's determinations that the OCCA's denial of Mr. Washington's claims was not contrary to, or an unreasonable application of,

clearly established federal law and was not based on an unreasonable determination of the facts presented in evidence.

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge